# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **MARTINA JIMENEZ AND SILVIA GONZALEZ** § § § | |
| **VS.** § | **CIVIL ACTION NO. 3:21-cv-139** |
| § | |
| **UNITED STATES OF AMERICA** § | |

## PLAINTIFFS' ORIGNAL COMPLAINT

### A. Parties

1. Plaintiff Martina Jimenez resides at 1105 Hunt, Roswell, New Mexico 88203.

2. Plaintiff Silvia Gonzalez resides at 300 Oakland Drive, Roswell, New Mexico 88201.

3. The United States of America is a Defendant.

4. Defendant, the United States of America, may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to the civil-process clerk at the United States Attorney's Office for the Western District of Texas, 700 E. San Antonio, Ste. 200, El Paso, Texas 79901, and by sending a copy of the Summons and Complaint to the Attorney General of the United States of America, by certified mail, return receipt requested, at the Attorney General's Office, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530, to the attention of the Civil Division and to the officer or agency whose action is attacked in this suit but who is not made a party to this suit.

### B. Jurisdiction

5. The Court has jurisdiction over the lawsuit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) 2671 *et seq.,* because the suit involves a claim against the United States for

personal injury caused by the negligent acts or omissions of a government employee while acting within the scope of his employment involving a car wreck that occurred on May 6, 2019, as is more fully alleged in this Complaint.

### C.  Venue

6. Venue is proper in this district under 28 U.S.C. § 1402(b) because the negligent acts or omissions complained of occurred in this district.

### D.  Conditions Precedent

7. Plaintiffs timely presented this claim in writing to the Department of the Army pursuant to 28 U.S.C. § 2675(a). The Department of the Army failed to make a final disposition of the claim within six months after it was presented.

### E.  Facts

8. On May 6, 2019, in El Paso, El Paso County, Texas, Plaintiffs suffered personal injuries when Plaintiffs were struck by Connor Patrick White, an employee of Defendant. Plaintiffs were traveling southbound on 13000 Gateway South and Connor Patrick White was approaching a stop sign at the intersection of 7800 Stan Roberts and 13000 Gateway South, but he failed to yield the right of way at the stop sign and struck Plaintiffs' vehicle with such force that it injured Plaintiffs. Connor Patrick White was driving a vehicle that was owned by Defendant and he was acting in the course and scope of his employment with the United States of America, who is responsible for his actions under the doctrine of *respondeat superior,* during the acts and/or omissions that caused Plaintiffs' injuries.

### F.  Federal Tort Claims Act

9. Plaintiffs allege that said wreck was caused by one or more negligent acts and/or omissions on the part of Defendant's employee, whose negligent acts and/or omissions were a

proximate cause of certain personal injuries and damages to the Plaintiffs. Plaintiffs' injuries include, but are not limited to, injuries to the head, chest, and neck, headaches and anxiety.

10. The occurrence made the basis of this suit and Plaintiffs' resulting injuries and damages were proximately caused by Defendant's employee operating the vehicle in a negligent manner. Defendant's employee violated the duty that he owed to Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following manners, without limitation:

   a. In failing to keep a proper lookout;

   b. In failing to yield the right of way at a stop sign;

   c. In failing to timely apply the brakes so as to avoid causing a collision with Plaintiffs' vehicle;

   d. In failing to maintain control of the vehicle;

   e. In failing to control the speed of the vehicle;

   f. In all things failing to act as a reasonable person using ordinary care in the same or similar circumstances;

   g. In failing to yield the right of way at a stop sign as a person of ordinary prudence would have maintained under the same or similar circumstances; and

   h. In committing various other acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

10. Under the laws of the State of Texas where the acts and/or omissions occurred, a private person would be liable to the Plaintiffs for these acts and/or omissions. Thus, under 28 U.S.C. § 2674, the United States is liable to Plaintiffs for their damages resulting from the personal injuries.

## G.  Damages

11. As a direct and proximate result of the collision and the negligent conduct of the Defendant's employee, Plaintiffs suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiffs' health and wellbeing. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire lives.

12. As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

13. As a further result of the injuries sustained by the Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

14. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

15. Plaintiffs seek monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiffs may justly be entitled.

16. Plaintiffs further request post judgment interest on all damages as allowed by law.

17. Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

18. Plaintiffs give notice of intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

## H. Prayer

19. Plaintiffs request that Defendant be cited to appear and answer, and on final trial hereafter, Plaintiffs have judgment against Defendant, in an amount within the jurisdictional limits of this Court, together with all post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

   a. Pain and suffering in the past;
   b. Pain and suffering in the future;
   c. Mental anguish in the past;
   d. Mental anguish in the future;
   e. Past medical expenses;
   f. Future medical expenses;
   g. Physical impairment in the past;
   h. Physical impairment in the future;
   i. Physical disfigurement in the past;
   j. Physical disfigurement in the future;
   k. Loss of earnings;
   l. Loss of earning capacity; and
   m. Postjudgment interest.

Respectfully submitted,

SHAW COWART, LLP

*/s/ John P. Cowart*
JOHN P. COWART
Texas Bar No. 04919500
jcowart@shawcowart.com
1609 Shoal Creek Blvd., Ste. 100
Austin, Texas 78701
(512) 499-8900 telephone
(512) 320-8906 facsimile
ATTORNEY FOR PLAINTIFFS